STATE of Utah, Plaintiff and Respondent,

v.

Jay W. BURKE, Defendant and Appellant.

No. 18836.

Supreme Court of Utah.

Jan. 13, 1984.

Allen S. Thorpe, Castledale, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

2. *Kaiser Steel, supra* note 1.

PER CURIAM:

The defendant appeals from a jury conviction of violating U.C.A., 1953, § 76–10–1206, which concerns the showing of "harmful material" to minors. In this case, the minors were six- and seven-year-old boys, first graders in school, who were shown magazines containing obscene pictures of minors and adults in compromising poses in the nude. They were displayed in defendant's bedroom at a time that he requested the boys to disrobe.

The only point urged on appeal is that the words in the statute, i.e. "harmful material," were constitutionally vague. Defendant bases his contention on wording of § 76–10–1201, which reads in part, as follows:

(11) "Harmful to minors" means that quality of any description or representation, in whatsoever form, of nudity, sexual conduct, sexual excitement, or sadomasochistic abuse when it:

(i) Taken as a whole, appeals to the prurient interest in sex of minors;

(ii) Is patently offensive to prevailing standards in the adult community as a whole with respect to what is suitable material for minors; and

(iii) Taken as a whole, does not have serious value for minors. Serious value includes only serious literary, artistic, political or scientific value for minors.

(12) "Contemporary community standards" means those current standards in the vicinage where an offense alleged under this act has occurred, is occurring, or will occur.

The position of defendant is that the phrase "prurient interest in sex of minors" is so vague that under our language in *State v. Haig,* Utah, 578 P.2d 837 (1978), "it fails to inform persons of ordinary intelligence what their conduct must be in order for them to be guilty of a violation" of the statute.[1] The jury in this case, presumably composed of "persons of ordinary intelligence," arrived at a verdict of guilt after receiving instructions regarding the statute, which were not objected to by the defendant. The verdict is consistent with the explicitly sexual contents of the material exhibited to the boys by one who could have had no other objective than to 1) "appeal to the prurient interest in sex of minors" 2) by exhibiting matter "patently offensive" to community standards of decency and 3) lacking completely in "literary, artistic, political or scientific value." To argue that the statute is vague before puberty and acquires meaning only after puberty depending on how adults react, as defendant seems to contend, is to ignore the legislature's failure to incorporate any such distinction in the statute. To make such distinction ignores the fact that the statute is directed to the protection of minors, not adults, and that the legislature could have, but did not, make the distinction.[2]

The authority that we considered dispositive here and that reflects a legislative purpose to keep harmful materials away from minors simply because they are minors and where adults may not be affected because of maturity is *Ginsberg v. New York,* 390 U.S. 629, 88 S.Ct. 1274, 20 L.Ed.2d 195 (1968). The Supreme Court in that case, quoting from another equally apposite case, *Bookcase, Inc. v. Broderick,* 18 N.Y.2d 71, 271 N.Y.S.2d 947, 218 N.E.2d 668 (1966), said:

[M]aterial which is protected for distribution to adults is not necessarily constitutionally protected from restriction upon its dissemination to children. In other words, the concept of obscenity or of unprotected matter may vary according to the group to whom the questionable material is directed or from whom it is quarantined. Because of the State's exigent interest in preventing distribution to children of objectionable material, it can exercise its power to protect the health, safety, welfare and morals of its community by barring the distribution to

1. *See also United States v. Harriss,* 347 U.S. 612, 74 S.Ct. 808, 98 L.Ed. 989 (1954); *Rose v. Locke,* 423 U.S. 48, 96 S.Ct. 243, 46 L.Ed.2d 185 (1975).

2. *State v. Jordan,* Utah, 665 P.2d 1280 (1983).

children of books recognized to be suitable for adults.

The statute before the Court in *Broderick* and extant at the time of *Ginsberg* is almost the same as that in our own state.[3]

In *State v. Murphy,* Utah, 674 P.2d 1220 (1983), we reaffirmed our position that legislation is presumed to be valid unless constitutionally offensive. We think the legislation in this case does not offend constitutional principles.

The conviction and judgment are affirmed.

STEWART, J., concurs in the result.

---

**3.** New York Penal Law § 484–h.